UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABELLA FAIRCHILD,[1] <br><br> Plaintiff, <br><br> v. <br><br> VANG, et al., <br><br> Defendants. | No. 1:23-cv-00917 JLT GSA (PC) <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS <br><br> PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS DUE **FEBRUARY 20, 2024** <br><br> ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT <br><br> (ECF No. 7) <br><br> PLAINTIFF'S AMENDED COMPLAINT DUE **MARCH 6, 2024** <br><br> ORDER GRANTING PLAINTIFF'S MOTION REQUESTING INITIAL CASE DOCUMENTS BE SENT TO HER <br><br> (ECF No. 10) <br><br> ORDER DIRECTING CLERK OF COURT TO UPDATE CASE CAPTION TO REFLECT ALL NAMES AND/OR ALIASES USED BY PLAINTIFF |

---

[1] As explained herein, having reviewed the Court's case filing database, it appears that Plaintiff has used several different names when filing matters in this Court. Therefore, the Clerk of Court will be ordered to update the case caption of the docket in this and in all other cases filed by Plaintiff with all names and/or aliases used by Plaintiff.

1

ORDER RECOMMENDING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF BE DENIED

(ECF No. 9)

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has paid the filing fee. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court are: (1) Plaintiff's motion to file an amended complaint; (2) Plaintiff's motion for injunctive relief, and (3) Plaintiff's motion that initial documents filed in this matter be sent to her. ECF Nos. 7, 9 and 10, respectively. For the reasons stated below, Plaintiff's motion to file an amended complaint and her motion that she be sent certain documents initially filed in this case will be granted. In addition, the Clerk of Court will be ordered to change the case caption of the docket to include all names and/or aliases used by Plaintiff in all cases that have been filed in this Court. Finally, it will be recommended that Plaintiff's motion for emergency injunctive relief be denied.

I. MOTION TO FILE AMENDED COMPLAINT

In July 2023, Plaintiff filed objections to the Court's order which recommended that she be required to pay the filing fee in this matter. ECF No. 7. Within those objections, Plaintiff also filed a motion to amend her complaint. Id. at 2.

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend a pleading with leave of court and when justice so requires. Given that the original complaint has not yet been screened, there are no other parties who will be affected if Plaintiff is granted leave to amend. Furthermore, Plaintiff should be given the opportunity to present as complete a complaint to the Court as possible prior to it being served. For these reasons, Plaintiff's motion to amend will be granted. Plaintiff must, however, file the amended complaint on the form that will be provided to her by the Clerk of Court, and she must carefully follow the directions provided in this order related to filing of an amended complaint.

## II. MOTION FOR EMERGENCY INJUNCTIVE RELIEF

### A. Relevant Facts

In Plaintiff's motion for injunctive relief, she ultimately states that money to pay restitution has been wrongfully taken from her trust fund account. ECF No. 9 at 2-3. Citing to state codes and regulations, she argues that the statute of limitations for restitution to be taken in her cases has lapsed and that a smaller amount should be debited from her trust account. See ECF No. 9 at 2-4. She further alleges that other inmates have had similar experiences with funds being improperly deducted from their accounts. See id. at 4-5.

Plaintiff contends that the deduction of funds from her account violates her First, Fourth, and Fourteenth Amendment rights. ECF No. 9 at 5. She requests the Court to issue an order removing the restitution fine county case from "active" status and from her inmate prison statement report. ECF No. 9 at 5-6. She also asks the Court to order that all monies taken from her account for restitution of her county case be returned.[2] Id. at 6.

### B. Discussion

Plaintiff's motion for injunctive relief must be denied at the outset. This is so because as of now no named defendants have been served in this case, which means that at this point the Court has no jurisdiction over persons who Plaintiff names in her complaint and believes have improperly taken funds from her trust account. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983); see Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant.").

---

[2] Plaintiff also inquires whether other similarly situated inmates may be added to her case. ECF No. 9 at 6-7. The answer is "No." "A litigant appearing in propria persona has no authority to represent anyone other than himself." Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); see also McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (privilege to appear without counsel is personal to the litigant). personal to the litigant).

### III. REQUEST FOR CERTAIN DOCUMENTS

Plaintiff has also filed a motion requesting that "initial case documents" be sent to her. ECF No. 10 at 1. It is unclear from the motion and its attachments whether Plaintiff is asking that the Court re-send her copies of the prisoner new case documents, a copy of her original complaint, or both. See generally ECF No. 1.

Plaintiff is informed that there is a charge per page to receive copies of documents from the Court. However, as a one-time courtesy, the Court will grant Plaintiff's motion and direct the Clerk of Court to again send Plaintiff copies of the prisoner new case documents, the consent form, as well as a copy of Plaintiff's complaint. Future requests for free copies from the Court will likely be denied.

### IV. UPDATE OF PLAINTIFF'S NAMES AND/OR ALIASES ON CASE DOCKETS

Finally, the Court notes that Plaintiff's prison identification number is: X-27638. See ECF No. 1 at 1 (Plaintiff's prisoner ID number on case caption of complaint). The Court also takes judicial notice[3] of the fact that Plaintiff has filed several cases in the Eastern District with this prisoner ID number, and has used significantly different names.

For example, in this matter, Plaintiff goes by the name "Arabella Fairchild." See ECF No. 1 at 1 (case caption of complaint). However, in Fairchild-Littlefield v. Shaffer, No. 1:19-cv-00499 DAD JDP; Fairchild-Littlefield v Attinello, No. 1:19-cv-01579 JLT GSA, and Fairchild-Littlefield v. Amezcua, No. 1:20-cv-00799 JLT GSA, Plaintiff goes by the name "Gigi Fairchild-Littlefield," and in Fairchild-Littlefield v. Shaffer, No. 1:19-cv-00660 LJO SAB, Plaintiff goes by the name "Gigi Ariel Fairchild-Littlefield." To avoid confusion and to enable to Court to properly track all cases filed by Plaintiff, the Clerk of Court will be ordered to add all names Plaintiff has used when filing pleadings in the Eastern District to the case caption in each of the

---

[3] It is well-established that a court may take judicial notice of its own records. See United States v. Author Servs., Inc., 804 F.2d 1520, 1523 (9th Cir. 1986) overruled on other grounds, United States v. Jose, 131 F.3d 1325, 1328-29 (9th Cir. 1997); see, e.g., Diamond v. Pitchess, 411 F.2d 565, 566 (9th Cir. 1969) (stating court may take judicial notice of own records to determine whether in forma pauperis complaint should be dismissed).

1 five matters she has filed in this Court.

## V. LEAVE TO AMEND

When Plaintiff files her amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following.

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Plaintiff is advised that when amending the complaint, she must make certain it complies with Rules 8(a)(2) and (d)(1). To assist Plaintiff in this regard, the Clerk of Court will be directed to send Plaintiff a copy of the Court's civil rights form. It is suggested that Plaintiff only use the space provided on the form to state her substantive claims. Plaintiff is free, however, to provide a reasonable number of exhibits to support those claims.

It should be noted once again that the Court is not required to review exhibits attached to the amended complaint when determining what Plaintiff's claims are with respect to each Defendant. Indeed, Plaintiff's claims should be clearly stated on the form itself. The Court will

1 not review any of Plaintiff's past supplements or pleadings in order to determine the substance
2 of Plaintiff's claims.[4]  In sum, when Plaintiff files her amended complaint, it should be a
3 complete pleading in and unto itself.  See Local Rule 220 (E.D. Cal. 2009).
4      Accordingly, IT IS HEREBY ORDERED that:
5      1. Plaintiff's motion to receive initial case documents (ECF No. 10) is GRANTED;
6      2. The Clerk of Court shall send Plaintiff one copy each the following:
7         a. The Court's Civil Rights Complaint By a Prisoner form;
8         b. Plaintiff's complaint (ECF No. 1), and
9         c. The Prisoner New Case Documents and Order Re:  Consent (ECF No. 3);
10     3. The Clerk of Court shall also update the case caption in each of the following matters
11 to reflect that Plaintiff is known as "Arabella Fairchild," "Gigi Fairchild-Littlefield," and "Gigi
12 Ariel Fairchild-Littlefield":
13       • Fairchild-Littlefield v. Shaffer, No. 1:19-cv-00499 DAD JDP;
14       • Fairchild-Littlefield v. Shaffer, No. 1:19-cv-00660 LJO SAB;
15       • Fairchild-Littlefield v Attinello, No. 1:19-cv-01579 JLT GSA;
16       • Fairchild-Littlefield v. Amezcua, No. 1:20-cv-00799 JLT GSA, and
17       • Fairchild v. Vang, No. 1:23-cv-00917 JLT GSA;
18     4. Plaintiff's motion to amend the complaint (ECF No. 7) is GRANTED, and
19     5. Within thirty days from the date of this order – **by March 6, 2024**, – Plaintiff shall file
20 an amended complaint that complies with all federal and local rules.
21      IT IS FURTHER RECOMMENDED that Plaintiff's motion for an emergency preliminary
22 injunction (ECF No. 9) be DENIED.
23      These findings and recommendations will be submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
25 after being served with these findings and recommendations – **by February 20, 2024**, – Plaintiff
26 may file written objections with the court.  The document should be captioned "Objections to

---

[4] This includes the supplemental declaration recently filed by Plaintiff and docketed on January 19, 2024.  See ECF No. 11.

Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: **February 5, 2024**                   **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE