# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABELLA FAIRCHILD,<br><br>            Plaintiff,<br><br>     v.<br><br>VANG, et al.,<br><br>            Defendants. | No.  1:23-cv-00917-JLT-FRS (BAM) (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 23)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Arabella Fairchild, also known as Gigi Fairchild-Littlefield and Gigi Ariel Fairchild-Littlefield ("Plaintiff"), is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Plaintiff's second amended complaint, filed February 20, 2026, is currently before the Court for screening. (ECF No. 23.)

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at the Central California Women's Facility ("CCWF") in Chowchilla, California, where the events in the second amended complaint are alleged to have occurred.  Plaintiff names as defendants: (1) Jacob Stoeltzing, Attorney General/Department of Justice, CA Office of Attorney General Dept. of Justice, Sacramento, CA ("OAG"); (2) Joanna Breiden Hood, Attorney General, OAG; (3) R. Lawrence Bragg, Attorney General, OAG; (4) Nathan Marco Guerro, Attorney General, OAG; (5) Doe Defendant, Office of Legal Affairs; (6) Karen Johnson, Associate Governmental Program Analyst ("AGPA"), Office of Victim & Survivor Rights & Services ("OVSRS"), CDCR; and (7) Doe Defendant, CCWF Accounting Office Personnel, CCWF.  All defendants are named in their individual and official capacities.

Plaintiff alleges claims for First Amendment retaliation, Fourth Amendment extortion under color of official right, Fifth Amendment double jeopardy, and Fourteenth Amendment Equal Protection.

Plaintiff alleges that on June 9, 2020, she exercised her First Amendment right and filed *Littlefield v. Amezcua*, Case No. 1:20-cv-00799-JLT-GSA.  The case settled on March 20, 2023, with Plaintiff to receive $1,600.00, which included her filing fee and the previous return of nine boxes of all her confiscated personal property.

On May 3, 2023, forty-four days after the closing of *Littlefield v. Amezcua*, a 32-year-old restitution fine from Victorville, Case No. VCR5202 ordered in 1991 for $4,000.00, which was subject to a 10-year statute of limitations at the time it was ordered, was placed on Plaintiff's prison trust account as "active" and $0.98 (or 50%) was deducted from the $1.95 Plaintiff had received as I/M Pay Support.

Plaintiff contends that her cause of action for the 1991 restitution fine was completed when she was sent to the California Institute for Women ("CIW"). Plaintiff was incarcerated as CDC# W-39671 from 1991 to 1999. Plaintiff's Correctional Counselor I ("CCI") informed Plaintiff, when Plaintiff mentioned her restitution fine order, that "Being in prison was the plaintiff's restitution." The State made no effort to collect the $4,000 from 1991 to 2001 when Plaintiff discharged CDC# W-39671, therefore forfeiting collection of VCR5202 fine within the prescribed statute of limitations in effect on monetary judgements of 10 years, in effect in 1991, at the time of the order.

For her current incarceration on Case No. INFO45012, 2007 to present, Plaintiff was assessed a restitution fine of $10,000.00, which was fulfilled at the time the 1991 restitution fine VCR5202 was placed as "active" on Plaintiff's prison trust account in May of 2023.

On June 28, 2023, about 90 days after the closing of *Littlefield v. Amezcua*, Check No. 05156350 for the amount of $1,600.00 appeared on Plaintiff's trust account statement. Normally, checks are placed on an encumbrance list for 30 days. This was the settlement check, and it is listed five times as a "DIRECT RESTITUTION PAYMENT" with the entire amount placed and then removed five times. Then the $1,600.00 is again placed on Plaintiff's trust account and the amount of $1,523.81 is deducted as a "RESTITUTION FINE PAYMENT" when by law the deduction amount on a viable restitution fine order is 50%. Then an "Administrative Fee" is charged and deducted for the amount of $76.19, leaving Plaintiff's account balance the same after the check arrived as before the check arrived. Plaintiff alleges that her settlement check for $1,600.00 was "extorted under color of official right, in it's entirety" and that she is ultimately extorted for $4,000.00 due to the placing of VCR5202 as "active."

///

3

Plaintiff attempted to resolve the issue with the Office of Risk Management and requested immediate removal of Restitution Fine VCR5202 from Plaintiff's Trust Account, the return of all monies collected on it so far, and the $402.00 filing fee for the instant case. Plaintiff alleges that OOA's failure to comply with her demands, instead generating a 602 form with a new log number, gave a chilling effect. Plaintiff attempted to follow through with the newly-generated 602 and was again denied by CCWF OOG, but CDCR OOA acted obtuse and portrayed Plaintiff as grievancing the fulfilled $10,000 on her current case, again creating a chilling effect. Plaintiff believes that the settlement agreement for *Littlefield v. Amezcua* was more than fair on her part, but alleges that the amount taken by the restitution fine was very distressing. Plaintiff alleges that it took a while to find exactly where the retaliation was coming from, and "it will probably take a trial to find out which of the defendants actually did what or nothing." (ECF No. 23, p. 11.)

Plaintiff requests service of the second amended complaint, a trial and redress, and monetary damages.

**III.    Discussion**

Plaintiff's second amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.

**A.    Immunity**

For the first time in the second amended complaint, Plaintiff names as defendants attorneys who are employed by the California Office of the Attorney General who apparently represented the defendants in a prior civil rights action filed by Plaintiff.

"Prosecutorial immunity applies to § 1983 claims. State prosecutors are absolutely immune from § 1983 actions when performing functions 'intimately associated with the judicial phase of the criminal process,' or, phrased differently, 'when performing the traditional functions of an advocate.'" *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (citations omitted). The same immunity is extended to government lawyers prosecuting or defending civil rights actions. *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (government lawyers absolutely immune for actions "intimately" or "closely" associated with judicial process); *see also Murphy v. Morris*,

849 F.2d 1101, 1105 (8th Cir. 1988) ("state assistant attorney general defending state officials in prisoner civil rights litigation" entitled to "absolute immunity" from Section 1983 suit for damages) (citations omitted); *Barrett v. United States*, 798 F.2d 565, 572–73 (2d Cir. 1986) (absolute immunity which government prosecutor enjoys in connection with official duties also applies to government attorney who undertakes to defend civil suit).

Accordingly, Defendants Stoeltzing, Hood, Bragg, and Guerro are absolutely immune from Plaintiff's § 1983 action.

### B.    First Amendment

#### 1.    Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." *Watison*, 668 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a

retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

Plaintiff states that she is bringing a claim for retaliation under the First Amendment, but alleges that it took a while to find out where the retaliation was coming from and "it will probably take a trial to find out which of the defendants actually did what or nothing." (ECF No. 23, p. 11.)  Plaintiff's vague suggestion that she has discovered retaliation but requires a trial to find out if any defendant did anything is not sufficient to state a cognizable claim for retaliation.

### 2.    Grievance Process

Plaintiff alleges that the refusal of OOA to comply with her requests for the return of her settlement funds and obtuse responses to Plaintiff's grievances gave a chilling effect.

Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of her inmate appeals.  Plaintiff does not have a constitutionally protected right to have her appeals accepted or processed.  *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.19 88).  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993); *see also Wright v. Shannon,* No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).  Denial or refusal to process a prison grievance is not a constitutional violation.  *Rushdan v. Gear,* No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018).  Accordingly, Plaintiff fails to state a cognizable claim arising out of the screening or processing of her grievances or complaints.

### C.    Extortion Under Color of Official Right

To the extent Plaintiff is attempting to bring claims under the Fourth Amendment for "extortion under color of official right," no such right exists under the Fourth Amendment.

The language "extortion under color of official right" may also be a reference to the Hobbs Act, which makes it a crime to, *inter alia*, obstruct or affect commerce by extortion.  18 U.S.C. § 1951(a).  If Plaintiff is attempting to pursue a standalone substantive Hobbs Act claim,

6

the Hobbs Act is a criminal statute for which there is no private right of action.  *See Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Criminal statutes generally do not provide a private cause of action or a basis for civil liability.

**D.      Fifth Amendment – Double Jeopardy**

Plaintiff alleges a violation of the Fifth Amendment's Double Jeopardy Clause for collection of the 1991 restitution fine.

The Double Jeopardy Clause "establishes three distinct protections: (1) against a second prosecution for the same offense after acquittal; (2) against a second prosecution for the same offense after conviction; (3) against multiple punishments for the same offense."  *United States v. Brooklier*, 637 F.2d 620, 621 (9th Cir. 1981).

Plaintiff is correct that restitution fines constitute punishment for the purpose of double jeopardy.  *Jeffers v. United States*, 432 U.S. 137, 155 (1977) (fines treated the same way as prison sentences for purposes of double jeopardy and multiple punishment analysis).  However, Plaintiff admits that CDCR made no effort to collect the 1991 restitution fine until May 2023.  Thus, Plaintiff was not subjected to the same restitution order twice.  To the extent Plaintiff contends that CDCR forfeited the ability to collect the fine due to the expiration of the statute of limitations, this argument is addressed below.

**E.      Fourteenth Amendment**

1.      Equal Protection

Plaintiff states that she is bringing a claim for violation of the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702– 03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that

similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff fails to state a cognizable equal protection claim.  Plaintiff pleads no facts regarding whether Plaintiff was a member of a protected class or how she was treated differently than any similarly situated individual.

### 2.    Restitution

With respect to restitution, Plaintiff cannot state a cognizable claim for relief under the Fourteenth Amendment based on restitution deductions from her inmate trust account.  *See Thompson v. Swarthout,* No. CIV S-11-0780 GEB DAD P, 2012 WL 1682029, at *3 (E.D. Cal. May 14, 2012); *see also Craft v. Ahuja*, 475 Fed. App'x 649, 650 (9th Cir. 2012) (district court properly dismissed substantive and procedural due process claims based on restitution deductions from an inmate trust account); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1231–32 (S.D. Cal. 2004) (allegations regarding deductions from prisoner's trust account to satisfy restitution order whether authorized or unauthorized by state law fail to state a claim for violation of substantive and procedural due process rights).  Even if the deduction was not authorized, the Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 486 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy.  *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895).

Plaintiff therefore fails to state a cognizable claim regarding any deductions made for repayment of the 1991 restitution order.  Any challenge to the appropriateness of the restitution order, based on the statue of limitations, double jeopardy, or any other basis, should be addressed under the post-deprivation remedy provided by California law.

///

///

8

**F.      Prison Regulations and Policies**

To the extent that any Defendant has not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983.  Section 1983 only provides a cause of action for the deprivation of federally protected rights.  *See, e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations) ; *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

**IV.      Conclusion and Recommendation**

For the reasons discussed, the Court finds that Plaintiff's second amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in her complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 23, 2026**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE